FILED

2011 Mar-11  PM 02:47
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANGELA WEIR,                          )
                                      )
              Plaintiff,              )
                                      )
vs.                                   )        2:10-CV-01174-RRA
                                      )
JEFFERSON COUNTY                      )
COMMISSION, et al.,                   )
                                      )
              Defendants.             )

MEMORANDUM OF OPINION AND ORDER

I.    Introduction.

The Magistrate Judge filed a report and recommendation on January

20, 2011, (Doc. 16), suggesting the following rulings on the motions to

dismiss:

1.    Granting the motions of the Jefferson County Sheriff's

Department (Doc. 7) and the Jefferson County Commission

(Doc. 13), dismissing all claims against them;

2.    Granting in part Sheriff Hale's motion (Doc. 8) and Deputy

Ousley's motion (Doc. 10), dismissing all claims except for

the 42 U.S.C. § 1983 claims in their official capacities for injunctive relief;

3.   Granting Deputy Finley's motion (Doc. 9), dismissing all individual capacity state law claims against him.

(Doc. 16.)

The parties were allowed fourteen days to file written objections to the Magistrate Judge's recommendation.  Defendants Hale and Ousley filed objections on January 24, 2011. (Docs. 17, 18.)  Plaintiff Weir filed her objections on February 2, 2011.  (Doc. 19.)

II.   The Objections of Sheriff Hale and Deputy Ousley.

Hale and Ousley object to the Magistrate Judge's recommending that Plaintiff Weir's claims for injunctive relief go forward.  They both contend that Weir does not have the requisite standing to pursue that relief.  (Doc. 17 at 2; Doc. 18 at 2.)

Standing presents "the threshold jurisdictional question of whether a court may consider the merits of a dispute."  *Elend v. Basham*, 471 F.3d 1199, 1204 (11th Cir. 2006).  Without standing, the Court is limited to issuing impermissible advisory opinions that fail the Constitutional requirements of

actual cases and controversies. *Id.* Even parties with standing on one claim "may lack standing to advance other claims." *Bowen v. First Family Fin. Servs., Inc.*, 233 F.3d 1331, 1340 (11th Cir. 2000). Here, Weir attempts to state claims for compensatory relief and forward-looking injunctive relief.

"[T]o have standing to obtain forward-looking relief, a plaintiff must show a sufficient likelihood that [s]he will be affected by the allegedly unlawful conduct in the future." *Wooden v. Bd. of Reg. of Univ. Sys. of Ga.*, 247 F.3d 1262, 1283 (11th Cir. 2001). Hale and Ousley argue that Weir's alleged violations took place in 2008, that "she is not currently being subjected to any such violations," and that "any claim that Plaintiff could somehow be subjected to similar constitutional violations at some point in the future is far too speculative . . . ." (Doc. 17 at 2.)

Weir claims that Deputy Ousley unlawfully arrested and imprisoned her and that Sheriff Hale improperly trained subordinate deputies. (Doc. 1 at 4, 7.) She seeks prospective injunctive relief "declaring a halt to the continued negligent practice of failing to properly train and supervise deputies" and "[o]rdering Sheriff Mike Hale to cease acting in bad faith." (Doc. 1 at 7.)

Weir does not show the necessary sufficient likelihood for obtaining forward-looking relief.  She does not suggest that Ousley's alleged conduct—failure to assist her during her claimed false arrest and imprisonment—will again happen to her.  Nor does she suggest that Sheriff Hale's deputies will continue to use allegedly excessive force on her.  Rather, she alleges a single incident taking place on May 7, 2008.  That single incident occurred when Weir's mother requested that an officer check on Weir, something her mother "had done several times before." (Doc. 1 at 3.)  Perhaps Weir's mother will request future officer checks.  But that fails to show a sufficient likelihood that deputies will violate Weir's constitutional rights in the future.  Indeed, Weir's having had several previous visits from deputies without evident constitutional problem suggests that May 7, 2008, was an anomaly.

Even if Weir could establish standing, she fails to meet the requirements for forward-looking relief.  Plaintiffs may pursue "suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004).  "Prospective" means that "the relief against the state official directly ends

the violation of federal law." *Fla. Ass'n of Rehab. Facility, Inc. v. State of Fla. Dept. of Health & Rehab. Serv.*, 225 F.3d 1208, 1219 (11th Cir. 2000). "Prospective" does not mean that "federal law has been violated at one time or over a period of time in the past." *Fla. Ass'n* , 225 F.3d at 1219. "[C]ompensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment." *Papasan v. Allain*, 478 U.S. 265, 278 (1986). Weir's claims of constitutional violations and false imprisonment arise from the May 7, 2008 event, not an ongoing situation. Though Weir requests prospective relief "halting and discouraging further constitutional violations of citizens," she does not demonstrate that Defendants are continuing to violate her federal rights. Rather, she suggests that Defendants might violate someone else's rights at some future point. (Doc. 1 at 7.) Weir asks for retrospective relief for herself. Her efforts to obtain relief deterring training practices that do not affect her fail to "overcome the dictates of the Eleventh Amendment." *Papasan*, 478 U.S. at 278.

III.   Weir's Objections.

Weir also objects to the report and recommendation (Doc. 16) contending that the Magistrate Judge should not have recommended

granting the Jefferson County Sheriff's Department's (Doc. 7), the Jefferson County Commission's (Doc. 13), Deputy Ousley's (Doc. 10), and Deputy Finley's (Doc. 9) motions.  (Doc. 19 at 2-3.)  Weir does not elaborate on her contention about the Sheriff's Department however.

The Court agrees with the magistrate that the Jefferson County Commission and the Sheriff's Department should be dismissed from the case. (Doc. 16 at 6, 11.)  Weir contends that local governing bodies can be sued under Section 1983 for an official policy.  (Doc. 19 at 2.)  But as the Magistrate Judge recognized, the official municipal policy must cause the constitutional tort.  *See Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 690-91 (1978).  Weir alleges that inadequate supervision and training caused the constitutional violations.  (Doc. 1 at 5-6.)  In Alabama, sheriffs and their deputies are not county employees.  *See Ex parte Sumter Cnty.*, 953 So. 2d 1235, 1239 (Ala. 2006).  Whatever policy the Jefferson County Commission may have regarding supervision, the policy did not cause non-county employees to violate—allegedly—the Constitution.

Regarding Deputies Ousley and Finley, Weir asserts that immunity does not protect the deputies in their individual capacities.  The Magistrate Judge

suggested dismissing Weir's state law claims for false arrest and imprisonment against Finley and Ousley because of state law immunity. (Doc. 16 at 7-8.)  This Court agrees.  Deputies Ousley and Finley are deputy sheriffs.  Alabama law bars state law claims against sheriffs and deputy sheriffs when they act within the line and scope of their employment.  *See Ex parte Sumter Cnty.*, 953 So. 2d 1235, 1239 (Ala. 2006).  Though certain exceptions exist for specific types of relief, Weir does not seek those types. *See* Doc. 1 at 7; Ala. Const. 1901 art. I, § 14. As the Magistrate Judge stated, Deputies Ousley and Finley were arresting Weir, which falls within the scope of their employment.  Though Weir cites *Ex parte Cranman*, 792 So. 2d 392 (Ala. 2000), that case addresses state-agent immunity, not the "[s]tate immunity afforded sheriffs and deputies."  *Sumter Cnty.*, 953 So. 2d at 1239-40.    Deputies Ousley and Finley are entitled to state immunity on Weir's state law claim.

The Magistrate Judge also recommended dismissing the federal Section 1983 claims against Ousley because of qualified immunity.  Judge Armstrong stated that because "arresting someone falls within the scope of the deputy's discretionary authority" and because Weir provided no argument

establishing that Ousley violated a clearly established constitutional right, Ousley receives qualified immunity.  (Doc. 16 at 10.)

Weir still does not argue that Ousley violated a clearly established constitutional right.  (Doc. 19 at 3-4.) Nor is a constitutional violation apparent from the complaint.  Her complaint alleges that "Deputy Ousley failed to assist the claimant once he arrived on the scene or to instruct Deputy Finley in the proper handling of the situation or intervene on behalf of the claimant to prevent the further violation of her civil rights and prevent her continued false imprisonment . . . ." (Doc. 1 at 3.)  In her objections, Weir asserts that this "failure to intervene" constitutes "negligence per se."  (Doc. 19 at 4.)  But "mere negligent conduct does not work a deprivation in the constitutional sense." *Porter v. White*, 483 F.3d 1294, 1307 (11th Cir. 2007).  Because Weir neither argues nor alleges that Ousley violated a clearly established right, this Court agrees with the Magistrate Judge that she fails to meet her burden: Qualified immunity protects Deputy Ousley.  The Section 1983 claims against him are thus dismissed.

IV.    Conclusion.

For the above-stated reasons, the Court grants Sheriff Hale's (Doc. 8) and Deputy Ousley's (Doc. 10) motions to dismiss in their entirety, including Weir's claims for injunctive relief.  Having considered Weir's objections, the Court adopts the magistrate's other recommendations.   A supplemental order will be entered alongside providing for the following:

- The motions of the Jefferson County Sheriff's Department (Doc. 7), the Jefferson County Commission (Doc. 13), Sheriff Hale (Doc. 8), and  Deputy Ousley (Doc. 10) will be GRANTED, dismissing them from the case.

- Deputy Finley's motion (Doc. 9) will be GRANTED, dismissing all individual capacity state law claims against him.

Done this 11<u>th</u> day of <u>March 2011</u>.

_____

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
159890